KUHNS, Respondent v. NEW FARMERS GRAIN COM-
PANY, Appellant.

(173 N. W. 727).

(File No. 4384.  Opinion filed August 15, 1919)

1.  Judgments—Sales—Wheat Sales, Price, Dockage for Smut—Finding of Total Value, Non-finding re Smut, Whether Supporting Judgment.

Where defendant, in a suit for purchase price of wheat sold, defended on ground that if the wheat was subject to dockage for smut, a deduction from agreed price was to be made, held, that, trial court having failed to find on question of smut and dockage therefor, but found the ultimate fact—total amount of

purchose price as per contract—the finding supported the conclusion and judgment thereon.

2.    Evidence—Sale of Wheat, Amount of Recovery—Evidence, If Creditable, Sustaining Recovery, Effect.

Where insufficiency of evidence to support a finding in a suit to recover for wheat sold, is urged on appeal, held, that, there being evidence which, if believed by trial court, would sustain recovery for amount sued for, it was incumbent on appellant to satisfy Supreme Court that under the evidence plaintiff was not entitled to so large a judgment.

Smith, P. J., and Polley, J., dissenting.

Appeal from Circuit Court, Hanson County. Hon. Frank B. Smith, Judge.

Action by John Kuhns, against the New Farmers Grain Company, to recover for value of wheat sold. From a judgment for plaintiff, and from and order denying a new trial, defendant appeals. Affirmed.

*Wagner & Danforth,* for Appellant.
*W. H. Seacat,* for Respondent.

WHITING, J. The plaintiff is a farmer; the defendant a corporation engaged in the purchase of grain. Plaintiff brought this action alleging that he had sold defendant a certain number of bushels of wheat, at a stated price for such as graded No. 1 and at another stated price for such as graded No. 2; and further alleging that defendant had failed to pay some $500 of the agreed purchase price. Defendant admitted the purchase of the wheat; admitted the number of bushels of each grade of wheat and the price to be paid for each grade—except that it alleged that it was part of the agreement that, if such wheat was subject to dockage for smut, then there should be deducted from the agreed price of each grade the sum of $.25 per bushel; and alleged that said wheat proved to be smutty and that it had made proper deductions for smut and had paid plaintiff in full for the wheat. Trial was had to the court without a jury. The court found that plaintiff sold the number of bushels of wheat alleged; that, by the terms of the contract entered into, plaintiff was entitled to receive a certain named sum; that he had received the amount confessedly paid; and that there was still due him the sum of $208.20. The court concluded that plaintiff was entitled

to recover $208.20. From a judgment for $208.20 and from an order denying a new trial, this appeal was taken by defendant.

[1] Appellant assigns as error that "The court failed to find any of the material facts in the case." While the court might properly have found on the question of smut and dockage therefor, it did in fact only find the ultimate fact, upon which the judgment must rest—the total amount of the purchase price as per the terms of the contract. The assignment before us is insufficient upon which to ask a reversal, because the court did not make findings regarding smut and dockage. The finding made supports the conclusion and judgment.

[2] Appellant urges the insufficiency of the evidence to support the ultimate finding above referred to. There was evidence which, if believed by the court, would entitle plaintiff to recover the full amount sued for. Certainly appellant is in no position to complain if the court erred in its favor. It was incumbent upon appellant to satisfy this court that, under the evidence, plaintiff was not entitled to as large a judgment as that rendered. This it has failed to do.

The judgment and order appealed from are affirmed.

SMITH, P. J. (dissenting). The answer in this case admits that the plaintiff sold and delivered to the defendant the quantity of wheat alleged in the complaint. It further admits that defendant agreed to pay plaintiff the price alleged in the complaint for so much thereof as should grade No. 1 Northern and be free from smut and other foreign substances, and that for wheat containing smut and other foreign substances and subject to dockage he agreed to pay plaintiff a sum equal to 25 cents per bushel below the agreed price of said wheat, graded at Minneapolis. The answer then alleges that a large percentage of the wheat delivered to plaintiff pursuant to said agreement contained smut or other foreign substances and did not grade No. 1 Northern, and that prior to the commencement of this action the defendant paid plaintiff the sum of $5,415 for said wheat, in full settlement of the amount due under the terms of said purchase, and that the same was received and accepted by plaintiff in full settlement for the purchase price of said wheat. The answer, therefore, in substance and effect, pleads nothing more than an accord and satisfaction for, and settlement and payment of, the

amount due to plaintiff under the contract. This is the only issue presented by the pleadings. The findings of fact do not cover or even refer to this issue. Under this plea the allegations of the answer concerning the existence of smut and foreign substance in the wheat are material only as tending to show the existence of a controversy between plaintiff and defendant which might become a subject of the final accord and satisfaction pleaded and relied upon as a defense.

I concur in the view that the findings are insufficient for the reason that they leave wholly undertermined the only issue presented by the pleadings. The first specification of error, being one of the specifications referred to in the first assignment of error, is that "the court failed to find any of the material facts in the case," seems to me sufficient to present this question.

The judgment and order of the trial court should be reversed.

POLLEY, J. I concur in the views expressed in the dissenting opinion of SMITH, P. J.